In re Darrell Douglas SORRELLS and Linda Lee Sorrells, Debtors.

UNITED STATES TRUSTEE, Appellant,

v.

Darrell Douglas SORRELLS and Linda Lee Sorrells, Appellees.

BAP No. WO–97–052.
Bankruptcy No. 97–15762–TS.

United States Bankruptcy Appellate Panel of the Tenth Circuit.

Feb. 18, 1998.

John E. Foulston, United States Trustee, Herbert M. Graves, Assistant United States Trustee, on the briefs, Oklahoma City, OK, for Appellant.

S. Brent Sorenson and Deborah L. Brooks, on the briefs, Oklahoma City, OK, for Appellees.

Before McFEELEY, Chief Judge, CLARK, and PEARSON, Bankruptcy Judges.

OPINION

CLARK, Chief Judge.

The United States Trustee ("UST") appeals an order of the United States Bankruptcy Court for the Western District of Oklahoma denying its motion to dismiss the Debtors' chapter 7 case due to improper venue or, alternatively, to transfer the case to the Eastern District of Oklahoma. For the reasons set forth below, we GRANT leave to permit this interlocutory appeal, REVERSE the order of the bankruptcy court, and REMAND this case to the bankruptcy court to determine whether the Debtors' bankruptcy case should be dismissed or

transferred to the Eastern District of Oklahoma.[1]

## I. *Background*

The Debtors filed a petition seeking relief under chapter 7 in the United States Bankruptcy Court for the Western District of Oklahoma despite the fact they were residents of the Eastern District of Oklahoma. It is undisputed that the Debtors never resided in the Western District or owned property in the Western District. No secured creditors are located in the Western District. Three unsecured creditors are located in the Western District, but all of these creditors are governmental entities that can be served in any of the federal judicial districts within Oklahoma. Only one creditor is located in the Eastern District. It appears that the Debtors have few nonexempt assets available for liquidation, and this may be a no-asset case.

The UST filed a motion objecting to venue of the Debtors' case in the Western District, and requested that the case be dismissed or transferred to the Eastern District of Oklahoma. The Debtors admit that they are residents of the Eastern District, but contend they moved to Oklahoma approximately one year prior to filing chapter 7 and have not had time to develop strong ties to any Oklahoma venue. They argue that since only one creditor is located in the Eastern District, and it has agreed to venue in the Western District, nobody is prejudiced by allowing venue to lie in the Western District. There is no evidence in the record to support the Debtors' contention that the creditor located in the Eastern District consented to venue in the Western District.

The bankruptcy court denied the UST's motion, stating, in relevant part, that: "The Court commends the United States Trustee for bringing matters of this nature to its attention and appreciates the service the United States Trustee provides. However, in this case, it would appear the convenience

---

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal and, therefore, grants the request of the parties for a decision on the briefs without oral argument. *See* Fed. R. Bankr.P. 8012; 10th Cir. BAP L.R. 8012–1(a). Accordingly, the case has been submitted without oral argument.

of the parties would be best served by this Court retaining jurisdiction in this case." Bankruptcy Court Order, p. 1. This appeal followed.

## II. *Appellate Jurisdiction*

■ The parties have not raised any issues regarding our jurisdiction over this appeal. Nonetheless, we must independently assess whether we have jurisdiction to hear this appeal. *See Bender v. Williamsport Area Sch. Dist.,* 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986) (federal appellate court must satisfy itself that it has jurisdiction over appeal even if the parties concede it); *accord City of Chanute v. Williams Natural Gas Co.,* 31 F.3d 1041, 1045 n. 8 (10th Cir.1994), *cert. denied,* 513 U.S. 1191, 115 S.Ct. 1254, 131 L.Ed.2d 135 (1995).

■ This Court has "jurisdiction to hear appeals from ... final judgments, orders, and decrees." 28 U.S.C. § 158(a)(1); *see id.* at § 158(c). "[A] decision is ordinarily considered final and appealable under § 1291 [and § 158(a) ] only if it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.' " *Quackenbush v. Allstate Ins. Co.,* 517 U.S. 706, 712, 116 S.Ct. 1712, 1718, 135 L.Ed.2d 1 (1996) (quoting *Catlin v. United States,* 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945)). Orders may also be considered "final" if they meet the requirements of the collateral order doctrine. *See, e.g., Quackenbush,* 517 U.S. at 710–12, 116 S.Ct. at 1718; *Digital Equip. Corp. v. Desktop Direct, Inc.,* 511 U.S. 863, 114 S.Ct. 1992, 128 L.Ed.2d 842 (1994); *Cohen v. Beneficial Indus. Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). An order is "final" under the collateral order doctrine if it (1) conclusively determines a disputed question that is completely separate from the merits of the action, (2) is effectively unreviewable on appeal from a final judgment, and (3) is too important to be denied review. *Quackenbush,* 517 U.S. at 712–16, 116 S.Ct. at 1719–20 (relying on *Richardson–Merrell Inc. v. Koller,* 472 U.S. 424, 431, 105 S.Ct. 2757, 2761, 86 L.Ed.2d 340 (1985); *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 468, 98 S.Ct. 2454,

2457–58, 57 L.Ed.2d 351 (1978); *Cohen,* 337 U.S. at 546, 69 S.Ct. at 1225–26). The Tenth Circuit has made it clear that venue orders, such as the bankruptcy court's order in this case, are not "final" under 28 U.S.C. § 158(a) and should not be treated as "final" under the collateral order doctrine. (*Dalton v. United States (In re Dalton),* 733 F.2d 710, 714–15 (10th Cir.1984)); *see FDIC v. McGlamery,* 74 F.3d 218, 221–22 (10th Cir. 1996) (venue order in nonbankruptcy case was not "final" for purposes of appeal). Accordingly, this Court does not have jurisdiction to hear this appeal under 28 U.S.C. § 158(a)(1).

■ The Court may, however, exercise jurisdiction over an interlocutory order of a bankruptcy court if leave to hear the appeal is granted. 28 U.S.C. § 158(a)(3); *see id.* at § 158(c); Fed.R.Bankr.P. 8001(b) and 8003. A timely-filed notice of appeal may be considered a motion for leave to appeal if, as in this case, the appellant has not filed such a motion. Fed.R.Bankr.P. 8003(c). Treating the UST's notice of appeal as a motion for leave to appeal, we conclude that the motion should be granted.

We have stated:

Leave to hear appeals from interlocutory orders should be granted with discrimination and reserved for cases of exceptional circumstances. Appealable interlocutory orders must involve a controlling question of law as to which there is substantial ground for difference of opinion, and the immediate resolution of the order may materially advance the ultimate termination of the litigation.

*Personette v. Kennedy (In re Midgard Corp.),* 204 B.R. 764, 769 (10th Cir. BAP 1997) (citing 28 U.S.C. § 1292(b); Fed. R.Bankr.P. 8018(b)); (*American Freight Sys., Inc. v. Transport Ins. Co. (In re American Freight Sys., Inc.),* 194 B.R. 659, 661 (D.Kan.1996); *Intercontinental Enters., Inc. v. Keller (In re Blinder Robinson & Co.),* 132 B.R. 759, 764 (D.Colo.1991))[hereinafter the "*Traditional Strict Test for Interlocutory Review*"]. Some courts, relying on a leading bankruptcy treatise, have found that this *Traditional Strict Test for Interlocutory Re-*

*view* should be lessened in determining the appealability of interlocutory venue orders in bankruptcy cases because such orders are not final until the bankruptcy case is closed, and at that point there is "a very small chance of success on an appeal." 1 *Collier on Bankruptcy* ¶ 4.05[2] (Lawrence P. King ed., 15th ed. rev.1997) [hereinafter *Collier*], *quoted in, ICMR, Inc. v. Tri–City Foods, Inc.,* 100 B.R. 51, 53 (D.Kan.1989); *In re Steele Cattle, Inc.,* 101 B.R. 263, 265 (D.Kan. 1988); *Landmark Capital Co. v. North Cent. Dev. Co. (In re Landmark Capital Co.),* 20 B.R. 220, 222 (S.D.N.Y.1982); *cited in, Hadar Leasing Int'l Co. v. D.H. Overmyer Telecasting Co. (In re Hadar Leasing Int'l Co.),* 14 B.R. 819, 820 (S.D.N.Y.1981); *accord Brumlik v. United States (In re Brumlik),* 132 B.R. 495, 497 (M.D.Ga.1991). This argument is premised on the notion that bankruptcy cases are different than a typical nonbankruptcy civil proceeding "in which the order regarding venue can be appealed at the conclusion of the proceeding." 1 *Collier* at ¶ 4.05[2]. We do not see the distinction. In bankruptcy and nonbankruptcy civil cases involving disputes over venue, a contested venue order will become final at the close of the bankruptcy case or the conclusion of the civil litigation. After a particular bankruptcy court has administered a case or a particular district court has resolved a civil action, reversal of a venue order will be very difficult. This fact, however, should not govern whether leave to appeal an interlocutory venue order should be granted. *See Dalton,* 733 F.2d at 715 (stating that a venue order was not appealable under the collateral order doctrine even though " 'postponing review forces the would-be appellant to litigate in the forum he seeks to avoid, and creates the risk that the entire proceeding will be rendered nugatory' ") (quoting *U.S. Tour Operators Ass'n v. Trans World Airlines,* 556 F.2d 126, 129 (2d Cir.1977)). Indeed, a "success on appeal" standard does not apply to other interlocutory orders involving equally important issues in a bankruptcy case. In short, we find no reason to carve out an exception to the *Traditional Strict Test for Interlocu-*

*tory Review* for venue orders entered by bankruptcy courts. *Accord EDP Medical Computer Sys., Inc. v. United States (In re EDP Medical Computer Sys., Inc.),* 178 B.R. 57 (M.D.Pa.1995); *K–Mart Corp. v Swann Ltd. Partnership (In re Swann Ltd. Partnership),* 128 B.R. 138 (D.Md.1991); *In re Delaware and Hudson Ry. Co.,* 96 B.R. 469 (D.Del.), *aff'd,* 884 F.2d 1383 and 884 F.2d 1384 (3d Cir.1989); *In re Manville Forest Prods. Corp.,* 47 B.R. 955 (S.D.N.Y.1985).

More important, the application of the *Traditional Strict Test for Interlocutory Review* is compelled under *Dalton,* 733 F.2d at 714–15, the leading case on the appealability of venue orders in bankruptcy cases in the Tenth Circuit. In *Dalton,* the venue order appealed to the Tenth Circuit was entered by a district court which had withdrawn the reference of a bankruptcy case and, therefore, was sitting as a trial court in bankruptcy. *See* 28 U.S.C. §§ 157(a) and (d), and 1334. As such, the district court's order was subject to 28 U.S.C. §§ 1291 and 1292. *See* Fed.R.App.P. 6(a); *Connecticut Nat'l Bank v. Germain,* 503 U.S. 249, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992). The Tenth Circuit refused to review the order because it was not "final" as required by section 1291 and it had not been certified for appeal by the district court as required under section 1292(b). *Dalton,* 733 F.2d at 714–15.[2] In so holding, the court stated that interlocutory venue orders are "unappealable, except by certification under 28 U.S.C. § 1292(b)." *Id.* Section 1292(b) sets forth procedures for obtaining certification of an interlocutory order and, notably, also includes a substantive test for determining whether certification should be granted. This section states, in relevant part, that:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termi-

---

**2.** The Tenth Circuit found that mandamus was the appropriate remedy to test the validity of a venue order. *Dalton,* 733 F.2d at 715. Based

on our ruling, we do not need to address this issue.

nation of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order....

28 U.S.C. § 1292(b). Thus, in *Dalton,* the Tenth Circuit anticipated that appellate review of an interlocutory venue order in a bankruptcy case would be had only if certification had been obtained under section 1292(b), *i.e.,* the appellant complied with the procedures *and* satisfied the substantive test for obtaining certification stated in that section.

Section 1292(b) does not apply to an appeal from a venue order entered by a bankruptcy court, such as the venue order in the present case. Appeals from bankruptcy court orders are governed by 28 U.S.C. § 158, which does not contain a certification procedure similar to section 1292(b), but rather, as explained above, a "leave of court" standard. *Connecticut Nat'l Bank,* 503 U.S. at 252, 112 S.Ct. at 1148–49. Despite the different procedures for obtaining appellate review of an interlocutory order under section 158(a) and section 1292(b), the underlying substantive test for determining whether leave of court, *i.e.,* the *Traditional Strict Test for Interlocutory Review,* or certification should be granted are identical. *Compare Traditional Strict Test for Interlocutory Review* set forth on pp. 582–83 *supra with* 28 U.S.C. § 1292(b). Indeed, the substantive test for certification under section 1292(b) was used, in part, as a guidepost to this Court in establishing the *Traditional Strict Test for Interlocutory Review* under 158(a)(3). *See Midgard,* 204 B.R. at 769 (quoting 28 U.S.C. § 1292(b)). Accordingly, it would be inconsistent with *Dalton* if this Court were to apply a test other than the *Traditional Strict Test for Interlocutory Review* to determine whether leave of court should be granted to review an interlocutory venue order under section 158(a)(3).

Our conclusion is supported by section 158(c)(2), which states, in relevant part, that an appeal from a bankruptcy court order "shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts." 28 U.S.C. § 158(c)(2); *see Swann,* 128 B.R. at 140. Furthermore, application of the Traditional Strict Test for Interlocutory Review is required to insure consistency of appellate review of venue orders in bankruptcy cases. It would not make sense if a district court sitting as an appellate court in bankruptcy or a bankruptcy appellate panel reviewed the appealability of a bankruptcy court's venue order under a different standard than that applied by the Tenth Circuit reviewing the appealability of a venue order entered by a district court sitting as a trial court in bankruptcy.

The interlocutory venue order appealed in the present case involves a controlling question of law as to which there is substantial ground for difference of opinion, and the immediate resolution of the order may materially advance the ultimate termination of the litigation. Accordingly, leave to appeal under section 158(a)(3) is appropriate in this case. We note that there are numerous cases finding that venue orders are not appealable interlocutory orders because they do not involve a question of law, but rather entail the issue of whether the trial court properly exercised its discretion in granting or denying a request for transfer of venue. *See Swann,* 128 B.R. at 141 (citing cases); 15 Charles Alan Wright, Arthur R. Miller, and Edward H. Cooper, *Federal Practice & Procedure* § 3855 (2d ed.1986) [hereinafter "*Federal Practice*"]. Yet, "[t]he propriety of some form of interlocutory review seems quite clear if the issue goes to the power of the district court to make the order it did and only a question of law is presented." 15 *Federal Practice* at § 3855; *accord EDP Medical,* 178 B.R. at 60; *Swann,* 128 B.R. at 141 & n. 3; *see Johns–Manville Sales Corp. v. United States,* 796 F.2d 372 (10th Cir.1986) (per curiam) (upon certification under section 1292(b), the Tenth Circuit addressed the merits of a venue dispute that involved a question of law). This appeal involves a controversial question of law: whether the bankruptcy court had the power to retain the Debtors' case when venue was improper. Therefore, interlocutory review of the bankruptcy court's order is appropriate.

### III. *Discussion*

 Section 1408 of title 28 of the United States Code states that a bankruptcy case may be commenced in the district court for the district "in which the domicile, residence, principal place of business . . ., or principal assets . . . of the person . . . that is the subject of such case have been located for the one hundred and eighty days immediately proceeding . . . commencement [of such case]." 28 U.S.C. § 1408(1). Based on this section, venue was proper only in the Eastern District of Oklahoma, the district in which the Debtors reside. There is no basis at all for Western District venue. Accordingly, we must decide whether the bankruptcy court erred in retaining a case in which venue was not proper. Resolution of this issue involves analysis of 28 U.S.C. §§ 1404(a), 1406(a) and 1412, and Fed. R. Bankr.P. 1014(a).

Sections 1404(a) and 1406(a) are included in the chapter of title 28 dealing with venue that is not expressly applicable to bankruptcy cases. Section 1404(a) states that a district court may transfer a civil action to any other district where venue is proper "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). This section applies to cases in which venue is proper, but a party nonetheless seeks to change venue. *See* 28 U.S.C.A. § 1404 Revision Notes and Legislative Reports (West 1998) ("Subsection (a) was drafted in accordance with the doctrine of forum non conveniens, permitting transfer to a more convenient forum, even though the venue is proper."); *compare* 28 U.S.C. § 1406(a) (dealing with improper venue).

If venue does not lie in the district in which the case is filed, section 1406, entitled "[c]ure or waiver of defects," applies. This section provides: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C.

§ 1406(a). Thus, under section 1406(a) a district court has no discretion to retain a case in which venue is improper, but rather is required to dismiss or transfer the case.

In addition to sections 1404 and 1406, there are several venue statutes in title 28 that are expressly applicable to bankruptcy cases. As noted above, section 1408 defines proper venue in bankruptcy cases.[3] Section 1412, entitled "[c]hange of venue," states: "A district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." 28 U.S.C. § 1412. This section is similar to section 1404(a), allowing a change of venue when venue is proper for convenience of the parties. However, there is no bankruptcy-specific venue statute similar to section 1406(a), requiring transfer or dismissal of a case if venue is improper. The only bankruptcy-related authority is Bankruptcy Rule 1014(a), which states:

**(a) Dismissal and Transfer of Cases.**

(1) *Cases Filed in Proper District.* If a petition is filed in a proper district, on timely motion of a party in interest, and after hearing on notice to the petitioners, the United States trustee, and other entities as directed by the court, the case may be transferred to any other district if the court determines that the transfer is in the interest of justice or for the convenience of the parties.

(2) *Cases Filed in Improper District.* If a petition is filed in an improper district, on timely motion of a party in interest and after hearing on notice to the petitioners, the United States trustee, and other entities as directed by the court, the case may be dismissed or transferred to any other district if the court determines that transfer is in the interest of justice or for the convenience of the parties.

Fed.R.Bankr.P. 1014(a).

Based on this statutory background, the issue thus becomes whether a bankruptcy

---

**3.** 28 U.S.C. § 1409 deals with venue in adversary proceedings as opposed to cases and 28 U.S.C. § 1410 deals with venue of cases ancillary to foreign proceedings. Neither of these sections are relevant in this appeal.

court of improper venue may, under the permissive language of section 1412, retain a case "in the interest of justice or for the convenience of the parties," or whether it must dismiss or transfer the case by applying section 1406(a) and Bankruptcy Rule 1014(a)(2). Courts deciding this issue are split.

The majority of courts have held that, if venue is contested and found to be improper, a bankruptcy court may not retain the case, but rather must dismiss it or transfer it pursuant to section 1406(a) and Bankruptcy Rule 1014(a)(2). *See Peachtree Lane Assocs., Ltd. v. Granader (In re Peachtree Lane Assocs., Ltd.),* 188 B.R. 815, 831–32 (N.D.Ill.1995); *Micci v. Bank of New Haven (In re Micci),* 188 B.R. 697, 699–700 (S.D.Fla.1995); *EDP Medical,* 178 B.R. at 63; *In re Great Lakes Hotel Assocs.,* 154 B.R. 667, 671 (E.D.Va.1992); *ICMR, Inc.,* 100 B.R. at 54; *In re Blagg,* 215 B.R. 79, 81 (Bankr.N.D.Okla.1997); *In re Henderson,* 197 B.R. 147, 153 (Bankr.N.D.Ala.1996); *In re Columbia Western, Inc.,* 183 B.R. 660, 664–65 (Bankr.D.Mass.1995); *In re Berryhill,* 182 B.R. 29, 31 (Bankr.W.D.Tenn.1995); *In re Washington, Perito & Dubuc,* 154 B.R. 853, 857–58 (Bankr.S.D.N.Y.1993); *In re Petrie,* 142 B.R. 404, 406 (Bankr.D.Nev.1992); *In re Standard Tank Cleaning Corp.,* 133 B.R. 562, 563 (Bankr.E.D.N.Y.1991); *In re Sporting Club at Ill. Center,* 132 B.R. 792, 798 (Bankr.N.D.Ga.1991); *In re Suzanne de Lyon, Inc.,* 125 B.R. 863, 866 (Bankr. S.D.N.Y.1991); *In re Frame,* 120 B.R. 718, 722 (Bankr.S.D.N.Y.1990); *In re Pick,* 95 B.R. 712, 715–16 (Bankr.D.S.D.1989); *In re Townsend,* 84 B.R. 764, 766–67 (Bankr. N.D.Fla.1988); *Armstrong v. Rainier Fin. Servs. Co. (In re Greiner),* 45 B.R. 715, 716 (Bankr.D.N.D.1985). The minority of courts, led principally by *In re Lazaro,* 128 B.R. 168 (Bankr.W.D.Tex.1991), have held a bankruptcy court may retain an improperly venued case in the interest of justice and for the convenience of the parties despite a timely objection thereto. *See In re Leonard,* 55 B.R. 106, 108–09 (Bankr.D.D.C.1985); *In re Boeckman,* 54 B.R. 110 (Bankr.D.S.D.1985). We agree with the result reached in the majority line of cases.

We begin our analysis by looking at the language of the statute. *See, e.g., United States v. Ron Pair Enters., Inc.,* 489 U.S. 235, 241–42, 109 S.Ct. 1026, 1030–31, 103 L.Ed.2d 290 (1989). Section 1412 states that a court "may" transfer a case, but it does not say anything about retaining a case of improper venue. This alone leads us to believe that section 1412 does not authorize a court of improper venue to retain a bankruptcy case. As the Supreme Court has stated: "courts must presume that a legislature says in a statute what it means and means in a statute what it says there." *Connecticut Nat'l Bank,* 503 U.S. at 253–54, 112 S.Ct. at 1149.

Furthermore, the history of section 1412 supports the majority rule that that section does not authorize a bankruptcy court of improper venue to retain a case. Section 1412 was added to the Bankruptcy Code in 1984 as part of the Bankruptcy Amendments and Federal Judgeship Act, Pub.L. 98–353, 98 Stat. 333 (1984). Prior to that time, change of venue in bankruptcy cases was governed by 28 U.S.C. §§ 1475 and 1477 (repealed 1984). Former section 1475 was entitled "[c]hange of venue," and stated: "A bankruptcy court may transfer a case under title 11 or a proceeding arising under or related to such a case to a bankruptcy court for another district, in the interest of justice and for the convenience of the parties." 28 U.S.C. § 1475 (repealed 1984). Although this section was silent as to whether it applied to improperly venued cases, it was presumed not to apply because former section 1477, entitled "[c]ure or waiver of defects," expressly applied to such cases, stating as follows:

(a) The bankruptcy court of a district in which is filed a case or proceeding laying venue in the wrong division or district may, in the interest of justice and for the convenience of the parties, retain such case or proceeding, or may transfer, under section 1475 of this title, such case or proceeding to any other district or division.

28 U.S.C. § 1477 (repealed 1984). Sections 1475 and 1477 were supplemented by former Bankruptcy Rule 1014 which also provided that a bankruptcy court may retain or trans-

fer an improperly venued case. These former statutes were the same in structure and substance to the nonbankruptcy-specific venue statutes, sections 1404 and 1406, discussed above, except that the latter authorized dismissal of the case.

When the Bankruptcy Code was amended in 1984 to restructure its jurisdictional provisions in light of *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), section 1412 was added and sections 1475 and 1477 were repealed. *See* Pub.L. No. 98–353, tit. I, §§ 102 & 114 (1984), *reprinted in Collier*, App. E., pt. 6(a). Section 1412, like former section 1475, is entitled "[c]hange of venue" and contains the exact same standard for transfer as former section 1475: A court "may transfer a case ... to a ... court for another district, in the interest of justice [and/or] for the convenience of the parties." 28 U.S.C. § 1412 and *id.* at § 1475 (repealed 1984). No provision similar to former section 1477 was enacted, and there is no legislative history explaining this void.

Given the similarities between former section 1475 and current section 1412, we believe that section 1412 should have the same scope as former section 1475, providing for transfer of cases in which venue is proper in the first instance. There is nothing in the language of the statute or the legislative history to suggest that the scope of section 1412 should be expanded beyond that of former section 1475 to include, by negative implication, the ability of a bankruptcy court of improper venue to retain a case. Since there is no bankruptcy-specific statute applicable to improperly venued cases, section 1406(a) must apply in bankruptcy, requiring such a case to be dismissed or, if it be in the interest of justice, transferred to a court in which venue is proper.

This reading of the venue provisions in title 28 is in accord with the analysis of jurisdictional provisions set forth in *Connecticut National Bank*, 503 U.S. at 249, 112 S.Ct. at 1147. In that case, the Court held that 28 U.S.C. § 158(d), a bankruptcy-specific statute granting the courts of appeal jurisdiction over appeals from final orders entered by a bankruptcy appellate panel or a district court sitting as an appellate court in bankruptcy, did not operate by negative implication to bar the appeal of interlocutory orders entered by a district court sitting as an appellate court in bankruptcy pursuant to 28 U.S.C. § 1292(b), a nonbankruptcy-specific statute that grants the courts of appeals jurisdiction over interlocutory orders entered by a district court. The Court rejected the petitioner's argument that interlocutory appeals to the courts of appeals in bankruptcy should be forbidden by negative implication under section 158(d), which does not refer to such appeals, because that section should be "exclusive within its own domain," *i.e.*, be the only source of jurisdiction for appeals of bankruptcy-related orders. *Id.* at 252–53, 112 S.Ct. at 1148–49. In particular, the Court stated:

> [W]e think that judicial inquiry into the application of § 1292 begins and ends with what § 1292 does say and with what § 158(d) does not. Section 1292 provides for review in the courts of appeals, in certain circumstances, of "[i]nterlocutory orders of the district courts of the United States." Section 158(d) is silent as to review of interlocutory orders. Nowhere does § 1292 limit review to orders issued by district courts sitting as trial courts in bankruptcy rather than appellate courts, and nowhere else, whether in § 158(d) or any other statute, has Congress indicated that the unadorned words of § 1292 are in some way limited by implication.

*Id.* at 254, 112 S.Ct. at 1150. Similar to the Supreme Court's interpretation of sections 158(d) and 1292(b) in *Connecticut National Bank*, section 1412, the bankruptcy venue statute which does not expressly apply to improperly venued cases, should not be read to preclude the application of section 1406(a), a nonbankruptcy statute which expressly applies to such cases. *See Columbia Western*, 183 B.R. at 664–65 (sections 1406 and 1412 do not conflict because section 1406 specifically applies to improperly venued cases, while section 1412 can be construed to apply to properly venued cases).

Our holding is also in accord with the rule that we should give effect to all parts of a statute and the policy of discouraging forum

shopping. *See Things Remembered, Inc. v. Petrarca,* 516 U.S. 124, 127–29, 116 S.Ct. 494, 497, 133 L.Ed.2d 461 (1995) (statutes must be read so that all parts have some operative effect); *United States v. Nordic Village, Inc.,* 503 U.S. 30, 36, 112 S.Ct. 1011, 1015–16, 117 L.Ed.2d 181 (1992), *cited in Finley v. United States,* 123 F.3d 1342, 1347 (10th Cir.1997) (same); *Trierweiler v. Croxton & Trench Holding Corp.,* 90 F.3d 1523, 1532 (10th Cir. 1996) (expressing policy of discouraging forum shopping); *see also Blagg,* 215 B.R. at 81 (case filed in improper venue was dismissed; statutes defining venue in bankruptcy case do not exist for the convenience of the debtor and courts should not permit improper forum shopping which disregards venue requirements). Allowing a bankruptcy court of improper venue to decide where a case should be venued would cause sections 1408 through 1410, which define venue, to be totally circumvented, thereby promoting forum shopping. A case or proceeding must be filed in the proper venue as defined in sections 1408 through 1410, otherwise there would be no reason to define proper venue. If the case or proceeding is not "filed" in the proper venue, defects in venue must be cured under section 1406(a) by requiring that the case be dismissed or transferred to the proper venue. *See* 28 U.S.C. § 1406(a) (applies to cause the transfer or dismissal of a case "filed" in the improper venue). The court of proper venue may then decide if the case may be transferred "in the interest of justice or for the convenience of the parties" under section 1412. As stated in *Columbia Western,* while section 1412 may allow a properly venued case to be transferred for the convenience of the parties or in the interests of justice to a forum of improper venue,

> [p]ermitting a court of improper venue to make a decision to retain the case, improperly substitutes the judgment of one court for another and encourages forum shopping. If a debtor is correct that its case should more properly be conducted in a venue other than that mandated by § 1408, surely the court of proper venue will be persuaded and order the transfer.

183 B.R. at 665; *accord Blagg,* 215 B.R. at 81; *Petrie,* 142 B.R. at 407.

Finally, our holding is in accord with the current version of Bankruptcy Rule 1014(a) and its history. As noted above, Bankruptcy Rule 1014(a) originally provided, consistent with former sections 1475 and 1477, that a bankruptcy court could retain an improperly venued case. After sections 1475 and 1477 were repealed and replaced with section 1412, several years passed before Rule 1014 was amended to reflect the amended statute. In 1987, however, Bankruptcy Rule 1014 was amended to delete any reference to a bankruptcy court's ability to retain a case commenced in an improper district. The Advisory Committee Note to the Rule states that:

> Both paragraphs 1 and 2 of subdivision (a) are amended to conform to the standard for transfer in 28 U.S.C. § 1412. Formerly, 28 U.S.C. § 1477 authorized a court either to transfer or retain a case which had been commenced in a district where venue was improper. However, 28 U.S.C. § 1412, which supersedes 28 U.S.C. § 1477, authorizes only the transfer of a case. The rule is amended to delete the reference to retention of a case commenced in the improper district. Dismissal of a case commended in the improper district as authorized by 28 U.S.C. § 1406 has been added to the rule. If a timely motion to dismiss for improper venue is not filed, the right to object to venue is waived.

Fed.R.Bankr.P. 1014 (Advisory Committee Note 1987). Thus, the Advisory Committee clearly believed that section 1406 governed improperly venued cases, thereby requiring a bankruptcy court to dismiss or transfer an improperly venued case. Given the clear language of Bankruptcy Rule 1014 and the unambiguous statement as to the application of section 1406 in the Advisory Committee's Note, it is hard to imagine why Congress would not have acted to nullify the Rule if it believed that it was contrary to its intent when it repealed sections 1475 and 1477 and enacted section 1412. *See Washington, Perito & Dubuc,* 154 B.R. at 858; *see also* 28 U.S.C. § 2075 (bankruptcy rules prescribed by the Supreme Court take effect no earlier than December 1 of the year in which they are transmitted to Congress, unless otherwise provided by law).

We recognize that Bankruptcy Rule 1014(a)(2) states that an improperly venued case may be transferred to "any other district." Fed.R.Bankr.P. 1014(a)(2). This language is inconsistent with section 1406(a) which requires that a case be transferred to "any district or division in which it could have been brought" and, therefore, must be disregarded. 28 U.S.C. § 1406(a). Since it is clear from the Advisory Committee Note to Bankruptcy Rule 1014(a)(2) that the Rule was meant to provide procedures in bankruptcy cases for correcting improper venue under section 1406(a), the language of section 1406(a) should govern and transfer should only be made to a forum in which venue would have been proper in the first instance. Fed.R.Bankr.P. 9030 ("These rules shall not be construed to extend or limit the ... venue of any matters therein.") It would make no sense to allow a court of improper venue to decide that a case may be heard by another court of improper venue.

We also note that Bankruptcy Rule 1014(a)(2) states that an improperly venued case may be dismissed or transferred on "timely motion" of a party in interest. This requirement is not inconsistent with section 1406(a), which does not expressly require a "timely" motion, as it is clear that objections to venue may be waived if not timely made. *See* 28 U.S.C. § 1406(b) (jurisdiction of court of improper venue is not impaired if a "timely and sufficient objection to the venue" is not made); *Leroy v. Great Western United Corp.*, 443 U.S. 173, 180, 99 S.Ct. 2710, 2714–15, 61 L.Ed.2d 464 (1979); 17 James Wm. Moore, *Moore's Federal Practice* § 111.36[1] (3d ed.1997).

The main case supporting the minority view that a bankruptcy court may retain an improperly venued case is *In re Lazaro*, 128 B.R. at 168. In that case, the bankruptcy court found that section 1412 is the only provision governing change of venue in bankruptcy, that section 1406(a) does not apply, and to the extent that Bankruptcy Rule 1014(a)(2) conflicts with section 1412, it does not apply. Thus, section 1412 permits a bankruptcy court to transfer a properly or improperly venued case or, due to the permissive language of that statute, retain an improperly venued case. The rationale in *Lazaro*, however, is flawed for several reasons.

The bankruptcy court in *Lazaro* concluded that when Congress repealed sections 1475 and 1477 it simply intended to " 'streamline' " the language of the bankruptcy venue statutes and not make any substantive changes. *Id.* at 173 (quoting *Leonard*, 55 B.R. at 109–10). Thus, because a bankruptcy court "may" transfer a case under section 1412, as was allowed under former sections 1475 and 1477, it "may" also retain an improperly venued case, as was allowed under former section 1477. 28 U.S.C. § 1412. A bankruptcy court may not, however, dismiss an improperly venued case under section 1412 because former sections 1475 and 1477 did not permit dismissal. *Lazaro*, 128 B.R. at 174 n. 5. This reading improperly inserts a lot of substance into section 1412 which does not exist on its face. *See Connecticut Nat'l Bank*, 503 U.S. at 253–54, 112 S.Ct. at 1149–50.

The fact of the matter is that we do not know what Congress meant to accomplish in repealing sections 1475 and 1477 and enacting section 1412. But if Congress meant for section 1412 to apply to improperly venued cases, it did not do a very good job of conveying this message, given the similarity of that section to former section 1475 (which was limited to properly venued case) and, for that matter, to section 1404 (the general change of venue statute that applies to properly venued cases). More important, if no substantive changes were intended by the 1984 amendments to the bankruptcy venue statutes, section 1412 must only apply to properly venued cases because, as the bankruptcy court in *Lazaro* conceded, section 1475 is the "true predecessor of current Section 1412." 128 B.R. at 171. In light of *Connecticut National Bank*, which was decided by the Supreme Court after *Lazaro*, the lack of a bankruptcy-specific statute expressly related to improperly venued cases requires application of section 1406(a) which, although not bankruptcy-specific, expressly governs improperly venued cases.

In holding that section 1406(a) applies to improperly venued cases while section 1412 applies to properly venued cases in bankrupt-

cy, we are not, as suggested by the bankruptcy court in *Lazaro,* applying an impractical or inflexible venue standard. Indeed, as the bankruptcy court in *Lazaro* points out, section 1406(a) was amended in 1960 to allow for the transfer of cases filed in the wrong venue. The purpose of this amendment was to effect "a more practical, flexible alternative" to the former venue statute which only provided for the dismissal of such cases. 128 B.R. at 172. Thus, application of section 1406(a) in the bankruptcy setting does not impose any harsh, rigid rules. Rather, bankruptcy petitioners must file their cases in the proper venue as defined by sections 1408 through 1410. If proper venue is inconvenient, the bankruptcy court of proper venue may transfer the case to a more appropriate forum under section 1412. If, on the other hand, bankruptcy petitioners file their case in an improper venue their case may be dismissed or, in the interests of justice, transferred to a proper venue pursuant to section 1406(a).

### IV. *Conclusion*

For the reasons set forth above, we hereby REVERSE the order of the bankruptcy court. This case is REMANDED to the bankruptcy court to determine whether the Debtors' case should be dismissed, or if be in the interest of justice, transferred to the Eastern District of Oklahoma pursuant to section 1406(a).