**In re Leroy McDONALD, Debtor.**

**Bankruptcy No. 97–38039–L.**

United States Bankruptcy Court,
W.D. Tennessee,
Western Division.

April 2, 1998.

Irving Zeitlin, Memphis, TN, for debtor.

William C. Ayres, West Memphis, AR, for creditor.

## MEMORANDUM OPINION AND ORDER CONSIDERING MOTION TO DISMISS FILED BY FIRST STATE BANK, PARKIN, ARKANSAS

JENNIE D. LATTA, Bankruptcy Judge.

First State Bank, Parkin, Arkansas, ("Bank") filed a "Motion to Dismiss" on December 22, 1997. The Debtor filed a response to the "Motion to Dismiss" captioned "Answer of Debtor to Motion to Dismiss of First State Bank of Parkin, Arkansas" on January 6, 1998.

This Court conducted a hearing in this contested matter on February 17, 1998, pursuant to FED.R.BANKR.P. 9014. This is a core proceeding. 28 U.S.C. § 157(b)(2)(A). The following is this Court's findings of fact and conclusions of law. FED.R.BANKR.P. 7052.

In its motion to dismiss, the Bank alleges that because the Debtor is a resident of and domiciled in West Memphis, Crittendon County, Arkansas venue in this case is improper, and as a result, this Court should dismiss Debtor's case. In his response, the Debtor contends that it is more convenient for him and the Bank's counsel to attend court in Memphis in the Western District of Tennessee, which is ten minutes from West Memphis, Arkansas, than it is to attend court in Jonesboro in the Eastern District of Arkansas, which is approximately one hour from West Memphis. Further, the Debtor asserts that his income is primarily derived from jobs he has held in Memphis.

First the Court must determine if the Debtor filed his case in an improper venue. Section 1408 of title 28 entitled "Venue of cases under title 11" governs this issue. It provides in pertinent part:

[A] case under title 11 may be commenced in the district court for the district— [1]

(1) in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement, or for a longer portion of such one-hundred-and-eighty-day period than the domicile, residence, or principal place of business, in the United States, or principal assets in the United States, of such person were located in any other district.

28 U.S.C. § 1408.

■■■■ " '[A] salaried individual debtor's place of employment' does not equate to the 'place of business' specified in this statute." *In re Berryhill*, 182 B.R. 29, 30 (Bankr. W.D.Tenn.1995) (citations omitted). Thus, the fact that Debtor has earned and possibly will earn income in the Western District of Tennessee is not enough for venue to be proper in this district. It is undisputed that the Debtor is domiciled and resides in West Memphis, Arkansas. As a result, this Court holds that venue in the Western District of Tennessee is improper.

The Court, therefore, must determine if transfer or dismissal of this case is proper. To make this determination, the Court must consider Federal Rule of Bankruptcy Procedure 1014(a)(2), which states:

(a) Cases Filed in Improper District. If a petition is filed in an improper district, on timely motion of a party in interest and after hearing on notice to the petitioners, the United States trustee, and other entities as directed by the court, the case may be dismissed or transferred to any other district if the court determines that transfer is in the interest of justice or for the convenience of the parties.

FED.R.BANKR.P. 1014(a)(2). The Advisory Committee Note to the 1987 amendments provides:

Both paragraphs 1 and 2 of subdivision (a) are amended to conform to the standard for transfer in 28 U.S.C. § 1412. Formerly, 28 U.S.C. § 1477 authorized a court either to transfer or retain a case which had been commenced in a district where venue was improper. However, 28 U.S.C. § 1412, which supersedes 28 U.S.C. § 1477, authorizes only the transfer of a case. The rule is amended to delete the reference to retention of a case commenced in the improper district. Dismissal of a case commenced in the improper district as authorized by 28 U.S.C. § 1406 has been added to the rule. If a timely motion to dismiss for improper venue is not filed, the right to object to venue is waived.

FED.R.BANKR.P. 1014, Advisory Committee's Note.

The majority of courts that have ruled on the issue has held that the bankruptcy court does not have discretion to retain jurisdiction over such an improperly venued case where a creditor timely files an objection. *See United States Trustee v. Sorrells (In re Sorrells)*, 218 B.R. 580 (10th Cir. BAP 1997); *In re Peachtree Lane Assoc., Ltd.*, 188 B.R. 815, 831 (N.D.Ill.1995); *Micci v. Bank of New Haven (In re Micci)*, 188 B.R. 697, 699–700 (S.D.Fla.1995); *EDP Medical Computer Sys., Inc. v. United States (In re EDP Medical Computer Sys., Inc.)*, 178 B.R. 57, 63 (M.D.Pa.1995); *In re Columbia Western, Inc.*, 183 B.R. 660, 665 (Bankr.D.Mass.1995); *In re Great Lakes Hotel Assocs.*, 154 B.R. 667, 670 (E.D.Va.1992); *In re Berryhill*, 182 B.R. 29, 31 (Bankr.W.D.Tenn.1995); *In re Petrie*, 142 B.R. 404, 407 (Bankr.D.Nev.1992); *Matter of Sporting Club at Ill. Ctr.*, 132 B.R. 792, 798 (Bankr.N.D.Ga.1991); *ICMR, Inc. v. Tri–City Foods, Inc. (In re Tri–City Foods, Inc.)*, 100 B.R. 51, 54 (D.Kan.1989); *In re Pick*, 95 B.R. 712, 714–15 (Bankr.D.S.D. 1989); *Armstrong v. Rainier Financial Svcs. Co. (In re Greiner)*, 45 B.R. 715, 716 (Bankr. D.N.D.1985). A minority of cases has held that the bankruptcy court can retain an improperly venued case. *See In re Capital Hotel Group, Inc.*, 206 B.R. 190, 193 (Bankr.

---

1. There is a standing order of reference in the Western District of Tennessee referring all bankruptcy cases and proceedings to the bankruptcy judges for this district.

E.D.Mo.1997); *In re Lazaro,* 128 B.R. 168, 175 (Bankr.W.D.Tex.1991); *In re Baltimore Food Systems,* 71 B.R. 795, 804 (Bankr. D.S.C.1986); *In re Leonard,* 55 B.R. 106, 108–09 (Bankr.D.D.C.1985); *In re Boeckman,* 54 B.R. 110, 111 (Bankr.D.S.D.1985) (Note, however, that the same judge that decided *Boeckman* also decided *In re Pick,* 95 B.R. 712, 714–15 (Bankr.D.S.D.1989), and held in *Pick* that the bankruptcy court cannot retain jurisdiction of an improperly venued case.). This Court agrees with the majority.

The Debtor cited to this Court the case of *In re Lazaro,* 128 B.R. 168 (Bankr.W.D.Tex. 1991). In the *Lazaro* case, the bankruptcy court declined to dismiss the improperly venued case. The court concluded that it would be an odd result if a court in a proper venue could transfer a case in the interest of justice to an improper venue, but a court in an improper venue could not retain such a case. *Id.* at 174. According to the court, Rule 1014(a)(2) is inconsistent with 28 U.S.C. § 1412, which permits retention of cases filed in an improper venue, and section 1412 "does not prohibit retention of a case in the interest of justice and for the convenience of the parties." *Id.* at 175. As a result, the court retained the improperly venued case because transferring the case to the District of New Mexico would not be convenient for any party nor would it serve the interests of justice. *Id.*

Section 1412, however, does not discuss improperly venued cases. *See In re Sorrells,* 218 B.R. at 585–87. The Bankruptcy Appellate Panel for the Tenth Circuit, in *Sorrells,* specifically disagreed with the rationale in *Lazaro,* finding that the *Lazaro* court added "a lot of substance into section 1412 which does not exist on its face." *Id.* at 589. The court stated that "the history of section 1412 supports the majority rule that that section does not authorize a bankruptcy court of improper venue to retain a case." *Id.* at 586. The BAP fully discussed section 1477 and section 1475, both of which were repealed in 1984, as well as the current section 1412. Section 1475 provided:

A bankruptcy court may transfer a case under title 11 or a proceeding arising under or related to such a case to a bankruptcy court for another district, in the interest of justice and for the convenience of the parties.

28 U.S.C. § 1475 (repealed). Section 1412 provides:

A district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties

28 U.S.C. § 1412. The court concluded that, since section 1412 and section 1475 were so similar, section 1412 should have the same scope as section 1475. Further, the court stated that "[s]ince there is no bankruptcy-specific statute applicable to improperly venued cases, section 1406(a) must apply in bankruptcy, requiring such a case to be dismissed or, if it be in the interest of justice, transferred to a court in which venue is proper." *Id.*

Thus, this Court looks to Rule 1014 and the Advisory Committee Note that accompanies it to determine what to do when a case is filed in an improper venue. Rule 1014 and the Advisory Committee Note clearly state that a bankruptcy court must dismiss or transfer to a proper venue all improperly venued cases upon timely objection. While Rule 1014(a)(2) states that an improperly venued case may be transferred to "any other district," the Advisory Committee Note clearly provides the procedure for correcting a venue problem under section 1406(a), which requires transfer of an improperly venued case to "any district or division in which it could have been brought" upon the timely motion of a party in interest. *See Sorrells,* 218 B.R. at 589.

This Court also notes the decision of Judge William Houston Brown in *In re Berryhill,* 182 B.R. 29 (Bankr.W.D.Tenn.1995). In that decision, Judge Brown stated that under Rule 1014(a)(2), "the Court is not given the option of retaining the improperly venued case," and in dictum agreed with the majority approach. *Id.* at 31. This Court agrees with Judge Brown that this Court does not have the option to retain this case because it was filed in the wrong venue. As a result, this Court must either transfer the case to the Eastern District of Arkansas or dismiss

the case. "[I]t is the role of the 'home' court" to determine if justice would be better served in the Eastern District of Arkansas or the Western District of Tennessee. *See In re Petrie,* 142 B.R. at 407. This result is not harsh or rigid. It simply requires debtors to file their cases in the proper venue, and if that venue is inconvenient, the bankruptcy court of the proper venue may transfer the case to a more convenient forum pursuant to section 1412. *See Sorrells,* 218 B.R. at 589–90. Therefore, this Court will transfer venue of this bankruptcy case to the Bankruptcy Court for the Eastern District of Arkansas. Should the bankruptcy court in the Eastern District of Arkansas find that venue in the Western District of Tennessee will better serve the interests of justice or is more convenient for the Debtor and his creditors, this Court will certainly administer this case.

It is therefore ORDERED that this case be transferred to the Eastern District of Arkansas.

IT IS SO ORDERED.