### In re Carlos Edward PANNELL, Jr., Jenny Sue Pannell, Debtors.

### Bankruptcy No. 99–50916.

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

Dec. 23, 1999.

---

Jefferson H. Massey, Zanesville, OH, for debtors.

Larry J. McClatchey, Columbus, OH, Chapter 7 Trustee.

Grady L. Pettigrew, Jr., Cox, Stine & Pettigrew Co., LPA, Columbus, OH, for Louie S. Davitian and Theodore Davitian.

Alexander G. Barkan, Columbus, OH, Assistant United States Trustee.

## MEMORANDUM OPINION AND ORDER

CHARLES M. CALDWELL, Bankruptcy Judge.

This contested matter is before the Court on the Motion of case trustee Larry J. McClatchey ("Trustee") for Examination of the Transactions Between Carlos Edward Pannell, Jr. and Jenny Sue Pannell ("Debtors") and their former counsel, Louie S. Davitian and Theodore Davitian ("Motion for Examination"). The Trustee's Motion for Examination was filed pursuant to section 329 and Rules 2017 and 9011.[1] Messrs. Davitian responded to the Motion for Examination as well as to a Supplemental Memorandum filed by the Trustee. A hearing on the Motion for Examination took place on September 21, 1999, after which the Court took the matter under advisement.

For the reasons set forth below, the Court finds the Debtors' bankruptcy case was filed in a venue that is improper under applicable authority. As a result, the Debtors have endured a lengthy and difficult case fraught with problems, many of which never would have arisen had the case been properly venued, or venue properly transferred. In addition, the Trustee has been forced to incur costs and attorney fees in presenting and arguing the Motion for Examination and its supplement.

Accordingly, the Court finds it appropriate to sanction Messrs. Davitian, pursuant to Rule 9011. Upon receiving an order from this Court approving some or all of the fees set forth in a statement of attorney fees and costs to be filed and served by the Trustee, Messrs. Davitian shall pay to the Trustee funds equal to any approved fees and costs. Messrs. Davitian also will be required to disgorge and repay to the Debtors $395.00, representing the amount paid by the Debtors to Messrs. Davitian as attorney fees for this case pursuant to Rule 2017. Finally, and based upon Louie S. Davitian's sworn representation that filings such as this one constitute a significant portion of his caseload, the Assistant United States Trustee for the Southern District of Ohio shall, pursuant to 28 U.S.C. § 586(a)(3), investigate the prevalence of such filings, and file a written report, detailing the results of that investigation, no later than ninety days from the entry of this order. A summary of the relevant facts is necessary in order to understand the bases for the Court's decision.

1. Unless otherwise noted, all statutory and procedural citations will refer to title 11 of the United States Code, aka the Bankruptcy Code, or to the Federal Rules of Bankruptcy Procedure.

This case was commenced on June 24, 1998, in the United States Bankruptcy Court for the Southern District of West Virginia. All of the documents filed at the commencement of the case, except a motion for change of divisional venue, are captioned for filing in the United States Bankruptcy Court for the Southern District of Ohio. The Debtors reside in Ohio. A review of the Debtors' schedules indicates that none of the Debtors' property, real or personal, is located in West Virginia. Mr. Pannell's employer, a company known as "Broughton's," is located in Ohio; Mrs. Pannell is not employed outside the home. In Schedule C, the Debtors claim exemptions under Ohio law.

Notice of the commencement of the bankruptcy case was issued by the Bankruptcy Court for the Southern District of West Virginia on June 25, 1998. On August 4, 1998, the secured creditor Farm Credit Services of Mid–America moved for dismissal of the case ("Motion to Dismiss"). The Motion to Dismiss asserted venue was improper because the Debtors had not been domiciled, had a residence, principal place of business, or principal assets in the Southern District of West Virginia during any part of the 180 days prior to the commencement of their bankruptcy case. Also on August 4, 1998, West Virginia case trustee Janet Smith Holbrook conducted a meeting of creditors pursuant to section 341.

Notwithstanding the pendency of the Motion to Dismiss, on October 6, 1998, the Bankruptcy Court for the Southern District of West Virginia issued a discharge pursuant to section 727. On October 5, 1998, Ms. Holbrook filed a notice designating the case as one containing assets sufficient to warrant administration, and requesting that the Bankruptcy Court for the Southern District of West Virginia issue a notice instructing creditors to file proof of their claims. Such notice was issued on October 15, 1998. On November 19, 1998, Ms. Holbrook withdrew her designation of the case as one containing assets, based upon her understanding venue was to be transferred to the Bankruptcy Court for the Southern District of Ohio. Ms. Holbrook also filed a report of no distribution.

On January 28, 1999, the Honorable Ronald G. Pearson of the Bankruptcy Court for the Southern District of West Virginia signed an order transferring venue to the Southern District of Ohio. The Order Transferring Venue was received by this Court on February 2, 1999, and was made part of our record on February 8, 1999. Upon transfer of venue to this Court, Mr. McClatchey was appointed case trustee, and he conducted a second meeting of creditors on March 10, 1999. The minutes of this meeting of creditors reflect that Louie S. Davitian appeared as counsel for the Debtors. After the meeting of creditors, the Trustee proceeded to file pleadings aimed at recovering estate assets, namely tax refunds and a motor vehicle. The tax refunds, which totaled approximately $4,300.00, had not been included in the Debtors' schedules of assets at the commencement of the case.

On March 18, 1999, the Debtors moved for dismissal of their case, without explanation or citation to supporting authority. The Trustee immediately opposed this motion. On April 5, 1999, the Debtors amended their Motion to Dismiss, explaining they "did not realize they had as much equity in the vehicle and that they would be entitled to an income tax refund." The Debtors went on to state they intended to use the tax refund to bring all their debts current. The Trustee also opposed the Debtors' Amended Motion to Dismiss. These pleadings were set for hearing on May 27, 1999. That hearing did not convene, however, because the Debtors' Motion and Amended Motion to Dismiss were withdrawn on May 26, 1999.

The Trustee's Motion for Examination was filed on May 21, 1999. On May 24, 1999, Louie S. Davitian filed a response. On June 7, 1999, this Court entered an order permitting Louie S. Davitian to with-

draw as counsel for the Debtors. Jefferson H. Massey then undertook the role of Debtors' counsel. The Trustee's Supplemental Memorandum in support of his Motion for Examination was filed on August 5, 1999, and Louie S. Davitian filed a response to the Trustee's Supplemental Memorandum on August 12, 1999.

The Trustee argued there was never any basis for filing the case in the Southern District of West Virginia, as the Debtors' residence and assets were, at all times relevant to this case, located in Ohio. The Trustee went on to assert the prepetition attorney fees paid to Messrs. Davitian were excessive in light of the originally improper venue. The Trustee also demanded sanctions in the amount of $500.00.

In his response, as well as in his sworn testimony at the September 21st hearing, Louie S. Davitian stated the case was filed in the Southern District of West Virginia because it was more convenient for the Debtors to attend the meeting of creditors and any hearings in Parkersburg, West Virginia, rather than Zanesville, Ohio.[2] Mr. Davitian further stated, both in his pleadings and in his testimony, that the West Virginia trustees and bankruptcy judges have not objected to the filing of cases in the Southern District of West Virginia by Debtors who reside, and whose assets are located in, Ohio, and that the Bankruptcy Code and Rules allow for such filings.

■■■■ At the outset, the Court finds it important to discuss the distinction between subject matter jurisdiction and venue. Subject matter jurisdiction refers to the kinds of issues or types of cases over which a court has authority to preside. The district courts have been vested with original and exclusive jurisdiction over all cases brought under title 11 of the United States Code. 28 U.S.C. § 1334(a). The district courts have original but not exclusive jurisdiction over all civil proceedings arising under title 11, or arising in or related to cases under title 11. 28 U.S.C. § 1334(b). Pursuant to 28 U.S.C. § 157(a), district courts are authorized to refer the cases and proceedings set forth in sections 1334(a) and (b) of title 28 to the bankruptcy judges for the district. The District Court for the Southern District of Ohio has entered a General Order of Reference in accordance with 28 U.S.C. § 157(a).

■■■■ Venue is a different concept, and refers to the physical location of the court in which a case is to be filed and litigated. With respect to bankruptcy cases, proper venue is dictated by 28 U.S.C. § 1408, which provides, in relevant part:

> A case under title 11 may be commenced in the district court for the district—
>
> in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement, or for a longer portion of such one-hundred-and-eighty-day period than the domicile, residence, or principal place of business, in the United States, or such person were located in any other district.

Therefore, any bankruptcy court (assuming an order of reference has been entered in its district) has subject matter jurisdiction over all cases and proceedings set forth in 28 U.S.C. §§ 1334(a) and (b); however, venue will be proper only when the requirements of 28 U.S.C. § 1408 have been met. *In re Pick*, 95 B.R. 712, 713 (Bankr.D.S.D.1989); *In re McDonald*, 219 B.R. 804, 804 (Bankr.W.D.Tenn.1998).

---

**2.** LBR 1072–1 provides, in relevant part, that "[t]he Columbus court holds regularly scheduled proceedings in the cities of Columbus, Steubenville and Zanesville." As the Debtors reside in Washington County, Ohio, their meeting of creditors, as well as any hearings conducted in their case, would have taken place in Zanesville, Ohio, unless otherwise ordered.

■ Transfer of a bankruptcy case filed in an improper venue is governed by Rule 1014(a)(2), which provides:

> If a petition is filed in an improper district, on timely motion of a party in interest and after hearing on notice to the petitioners, the United States trustee, and other entities as directed by the court, the case may be dismissed or transferred to any other district if the court determines that transfer is in the interest of justice or for the convenience of the parties.

This Court initially notes that Rule 1014(a)(2) makes a timely-filed motion a prerequisite to a bankruptcy court addressing the issue of improper venue. Where no party in interest files such a motion, the right to object to venue can be deemed waived. *In re Berryhill*, 182 B.R. 29, 31 (Bankr.W.D.Tenn.1995).

Next, the Court notes that Rule 1014(a)(2) only provides for either transfer or dismissal of an improperly venued case subject to an objection to venue. In addressing objections to venue, however, courts have split on the scope of their authority to dispose of such cases. The majority has held that Rule 1014(a)(2) should be interpreted literally, and that bankruptcy courts must either dismiss or transfer, and may not retain, cases found to be improperly venued. *In re Frame*, 120 B.R. 718, 722 (Bankr.S.D.N.Y.1990); *Great Lakes Hotel Associates*, 154 B.R. at 671; *In re McCall*, 194 B.R. 590, 593 (Bankr.W.D.Tenn.1996); *McDonald*, 219 B.R. at 806–7; *Pick*, 95 B.R. at 716; *United States Trustee v. Sorrells (In re Sorrells)*, 218 B.R. 580, 590 (10th Cir. BAP 1998); *In re Healy*, 1989 WL 149679, *1 (Bankr.D.Md.1989). *See also, Berryhill*, 182 B.R. at 31 (observing in *dicta* that it may not retain an improperly venued bankruptcy case over the timely objection of a party in interest). This majority rule has been adopted by the courts in the Fourth and Sixth Circuits that directly addressed the issue. *McDonald*, 219 B.R. at 806–7; *McCall*, 194 B.R. at 593;

*Great Lakes Hotel Associates*, 154 B.R. at 671; *Healy*, 1989 WL 149679 at *1.

■ The most well-reasoned of these majority decisions have examined the language of Rule 1014(a)(2) and its accompanying Advisory Committee Notes, as well as the provisions of title 28 governing venue in district courts, their legislative history, and finally, the sound policy of discouraging forum shopping. *Sorrells*, 218 B.R. at 585–90; *McDonald*, 219 B.R. at 805–7; *Great Lakes Hotel Associates*, 154 B.R. at 669–71. The rule to be drawn from these cases is this: where a debtor wishes his or her case to proceed in a venue other than that which is proper under 28 U.S.C. § 1408, the debtor must file the case in the proper venue, then move for transfer of venue pursuant to 28 U.S.C. § 1412. *McDonald*, 219 B.R. at 807; *Sorrells*, 218 B.R. at 589–90.

■ The minority decisions, led by *In re Lazaro*, 128 B.R. 168 (Bankr.W.D.Tex. 1991), hold that bankruptcy courts have the authority not only to dismiss or transfer an improperly venued case, but may retain it in the interest of justice or for the convenience of the parties, notwithstanding a timely objection to venue. *Lazaro*, 128 B.R. at 175. This Court finds the majority decisions to be more persuasive and consistent with the proper analysis of relevant statutory authority, as well as with the practical application of that authority. Therefore, this Court adopts the majority rule.

■ In the instant case, it has been conceded the Debtors did not satisfy the requirements of 28 U.S.C. § 1408 with respect to the Southern District of West Virginia. The only appropriate venue for this case is the Southern District of Ohio. By filing the case in an improper venue, Messrs. Davitian caused these Debtors to incur the additional expense of retaining counsel admitted to practice in Ohio, as well as expenses related to attending a second meeting of creditors.

Rule 9011(b) provides, in pertinent part:

By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney ... is certifying that to the best of [his or her] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,—

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation for discovery .... (emphasis supplied).

"Essentially, an attorney's conduct in filing a bankruptcy petition must be reasonable under the circumstances, and the district and bankruptcy courts have wide discretion in making a reasonableness determination" under Rule 9011. *MRL Residential Leasing, Inc. v. Investaid Corporation (In re MRL Residential Leasing, Inc.)*, 121 F.3d 709, 1997 WL 453163, *3 (6th Cir.1997). "Rule 9011 sanctions are imposed primarily to deter filings that are frivolous or for an improper purpose." *White v. Creditors Service Corporation (In re Creditors Service Corporation)*, 207 B.R. 567, 570 (Bankr.S.D.Ohio 1997).

Although Louie S. Davitian maintains the Local Rules of the Bankruptcy Court for the Southern District of West Virginia and the panel trustees and judges of that court permit filings such as this one, this Court has been unable to locate any such authority, even after it obtained and reviewed the local rules Louie S. Davitian alleges support his position. Even a modest amount of research would have clarified the appropriate procedure for proceeding in an improper but more convenient forum, and perhaps avoided the significant inconvenience and expense incurred in litigating this case in two courts. Counsel will now have to accept the ramifications of their lack of diligence, and Messrs. Davitian are hereby sanctioned pursuant to Rule 9011.

Accordingly, the Trustee is **ORDERED** to file and serve a statement setting forth the attorney fees and costs he has incurred in prosecuting the Motion for Examination. Upon receiving an order from this Court approving some or all of the fees set forth in the Trustee's fee statement, Messrs. Davitian are **ORDERED** to compensate the Trustee for any approved costs and attorney fees.

It is further **ORDERED** that Louie S. Davitian and Theodore Davitian are **ORDERED** to disgorge and repay to the Debtors $395.00, representing the attorney fees paid by the Debtors prior to the commencement of this case pursuant to Rule 2017.

Finally, the Assistant United States Trustee for the Southern District of Ohio is **ORDERED**, pursuant to 28 U.S.C. § 586(a)(3), to investigate the prevalence of filings such as this, and is further **ORDERED** to file a written report, detailing the results of this investigation no later than ninety days from the entry of this order.

**IT IS SO ORDERED.**