**In re William M. VANN.**

**Bankruptcy No. 79–01968WK.**

United States Bankruptcy Court,
E. D. Pennsylvania.

March 7, 1980.

Jack K. Miller, Philadelphia, Pa., for debtor.

OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

On October 22, 1979, William M. Vann filed a Chapter 13 Petition in this court. Vann listed his address as Mays Landing, New Jersey, a location not within our District boundaries. The court, *sua sponte*,

raised the issue of whether the venue requirements of 28 U.S.C.A. § 1472 (Supp. 1979) have been met. We conclude that based on that section, venue is not properly laid in this District. However, pursuant to 28 U.S.C.A. § 1477 (Supp.1979),[1] and in the interests of justice and for the convenience of the parties, this proceeding shall be retained.[2]

Under 28 U.S.C.A. § 1472 [3] a case may be commenced in a district where the domicile, residence, principal place of business or principal assets are found. Vann contends that because he has been employed in this district for the last six (6) months, this district is now the site of his "principal place of business" and "principal assets".

Bankruptcy Rule 13–110(a), which has been superseded by 28 U.S.C.A. § 1472,[4] provided that a single petition was properly filed in the district where petitioner had "his principal place of employment, residence, or domicile." "Place of business," as a basis for venue prescribed by § 2a(1) of the Act, was found to be inappropriate for the Chapter XIII wage earner so, "place of employment" was substituted while retaining residence or domicile as the usual basis for venue.[5]

The venue provisions of 28 U.S.C.A. § 1472, whether by oversight or intent, eliminate "principal place of employment" as a base for venue. Substituted in its place are "principal place of business" which earlier had been found inappropriate for Chapter XIII wage earners and "principal assets."

Counsel for Debtor contends that "principal place of business" is synonymous with place of employment. Such an allegation is not supported by case law.

Under the former Bankruptcy Acts, the statutory provision relating to venue was phrased in terms of jurisdiction. It is now settled that it relates primarily to venue insofar as it speaks of principal place of business, residence, or domicile. Advisory Committee's Note to Bankruptcy Rule 116.

Cases that have interpreted the terms "principal place of business" and "place of employment" make it clear that the terms are not synonymous. Although these cases interpret the term "principal place of business" as used in the jurisdictional sense, the same common-sense application of the term applies here, when used to determine venue.

In the case of *In re Lipphart*, 201 F. 103 (S.D.N.Y.1912) the debtor resided in New Jersey but was employed in New York City by an express company. He invoked the jurisdiction of the bankruptcy court in New York alleging that his principal place of business was at the offices of his employer. The petition was dismissed on the ground that the statute contemplated "place of business" as applying only to those who have a business of their own and not to a clerk who had no place of business anywhere.

In the case of *In re Price*, 231 F. 1001 (S.D.N.Y.1916), Judge Learned Hand reached the same conclusion. The judge concluded that "a journeyman plumber, a

---

1. Section 241(a) of the Bankruptcy Reform Act of 1978, Pub.L. 95–598, amended 28 U.S.C. by adding the new venue provisions, which are reprinted, *infra* —These provisions are effective during the current transition period. *See* Section 405(b) of the Reform Act.

2. The following Opinion constitutes findings of fact and conclusions of law in accordance with Bankruptcy Rule 752.

3. 28 U.S.C.A. § 1472 (Supp.1979) in pertinent part reads as follows:
Except as provided in section 1474 of this title, a case under title 11 may be commenced in the bankruptcy court for a district—
(1) in which the domicile, residence, principal place of business, in the United States, or

principal assets, in the United States, of the person or entity that is the subject of such case have been located for the 180 days immediately preceding such commencement, or for a longer portion of such 180-day period that the domicile, residence, principal place of business, in the United States, or principle assets, in the United States, of such persons were located in any other district; or . . .

4. *See* Code Comment to Rule 13–110.

5. *See* Bankruptcy Act Comment to Rule 13–110.

**194**

textile operator, a janitor, or a bookkeeper has a fixed place where he earns his living and does such business as he has," but expressed the view that it would be inept to say that he had "a place of business" as those words are commonly used.

The court in *Higgins v. State Loan Co.*, 72 App.D.C. 328, 114 F.2d 25 (1940) followed this line of reasoning and concluded that "whatever meaning the phrase 'place of business' may have generally, as used in the Bankruptcy Act for jurisdictional purposes it means a place where the bankrupt has a business of his own." *See also A & M Records, Inc. v. M. V. C. Distributing Corp.*, 471 F.Supp. 980, 985 n.1 (E.D.Mich.1979).

In the present action, the debtor is not conducting a business in this district but is instead employed by another. For this reason, we conclude that a Chapter 13 proceeding will not lie in this district based on the concept that the debtor has his "principal place of business" here.

Vann next contends that because of his employment, his "principal assets" are located here.

Counsel is attempting to substitute and equate future earnings for principal assets. These terms are not synonymous and debtor's contention has no merit.

Vann's only asset within this district is the expectation of future wages. Wages, in the absence of a contract of employment, are not assets until they are earned; there is no evidence that such a contract exists here. This court concludes that the expectation of future wages is not a consideration in determining where debtor's principal assets are located. In fact, all of debtor's property, personal and real, is located in New Jersey and not in this district.

Although venue is proper in the district of New Jersey, that being the site of debtor's principal assets, residence and probably domicile, this court shall retain these proceedings.

6. 28 U.S.C.A. § 1477, in pertinent part, reads as follows:

(a) The bankruptcy court of a district in which is filed a case or proceeding laying venue in the wrong division or district may, in the

Under the provisions of 28 U.S.C.A. § 1477,[6] the court may, in the interest of justice and for the convenience of the parties, retain a proceeding even though venue is improperly laid. An examination of the schedule of debts indicates that, of the twelve (12) creditors listed, only three (3) are located in New Jersey. The evidence indicates that Vann travels to this district every day to work and has retained counsel from this district.

It seems that, for the convenience of the debtor and his creditors, this district is the best forum in which to proceed. This court fails to see how a transfer would expedite or benefit the administration of this proceeding.

Accordingly, for the reasons set forth above, this proceeding shall remain in this district for the convenience of the parties and in the interests of justice.

interest of justice and for the convenience of the parties, retain such case or proceeding, or may transfer, under section 1475 of this title, such case or proceeding to any other district or division.