**In re Samuel J. OLIVER, Rose M. Oliver, Debtors.**

**Alvin E. FRIEDMAN, Kenneth J. MacFadyen, Martin S. Goldberg, Substitute Trustees, Wilmar Associates, Ltd., Waterfield Mortgage Company, Union Federal Savings Bank, Movants,**

v.

**Samuel J. OLIVER, Rose M. Oliver, Merrill Cohen, Trustee, Respondents.**

**Bankruptcy No. 88–4–3462–PM. Motion No. 89M–1401–PM.**

United States Bankruptcy Court, D. Maryland, at Rockville.

Nov. 30, 1989.

M. Friedman, for movants in Motion 89M–1401PM.

B. Brooks, for debtors.

J. Garza, Rockville, Md., for debtors in Motion 89M–1401PM.

C. Niklas, Washington, D.C., Chapter 13 Trustee in District of Columbia.

M. Cohen, Chapter 7 Trustee in Rockville, Md.

## MEMORANDUM OF DECISION

(Motion to Modify Automatic Stay and Ratify Foreclosure Sale *Nunc Pro Tunc*, and to Determine Proper Venue)

PAUL MANNES, Chief Judge.*

Before the court is a motion filed September 19, 1989, on behalf of Alvin E. Friedman, Kenneth J. MacFadyen, and Martin S. Goldberg as substitute trustees, Wilmar Associates, Ltd., high bidder at a foreclosure sale, Waterfield Mortgage Company, servicing correspondent, and Union Federal Savings Bank, holder of a secured claim, seeking relief from the stay *nunc pro tunc* so that state court ratification proceedings of the foreclosure sale may proceed. Movants also seek to have debtors' bankruptcy case filed under Chapter 13 in the District of Columbia (Case No. 89–00791, filed September 12, 1989) brought under the jurisdiction of this court.

This court issued a notice on September 26, 1989, of a hearing to be held under Fed.R.Bankr.P. 1014(b) to determine the proper venue for these Chapter 13 cases. The notice was also lodged with the Clerk of the United States Bankruptcy Court for the District of Columbia to advise that court of the existence of a case involving the same debtors pending in the United States Bankruptcy Court for the District of Maryland. This court heard the motion to modify stay and the court's own motion on October 17, 1989.

## APPLICABLE SECTIONS OF STATUTES AND RULES

**28 U.S.C. § 1406. Cure or waiver of defects.**

(a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

**28 U.S.C. § 1408. Venue of cases under title 11.**

Except as provided in section 1410 of this title, a case under title 11 may be commenced in the district court for the district—

(1) in which the domicile, residence, principal place of business in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement, or for a longer portion of such one-hundred-and-eighty-day period than the domicile, residence, or principal place of business, in the United States, or principal assets in the United States, of such person were located in any other district; or

(2) in which there is pending a case under title 11 concerning such person's affiliate, general partner, or partnership.

**Rule 1014. Dismissal and Change of Venue.**

(a) DISMISSAL AND TRANSFER OF CASES.

(1) *Cases Filed in Proper District.* If a petition is filed in a proper district, on timely motion of a party in interest, and after hearing on notice to the petitioners and other entities as directed by the court, the case may be transferred to any other district if the court determines that the transfer is in the interest of justice or for the convenience of the parties.

* Editors Note: The Order in this case was signed by Judge Mannes both as a Judge of the United States Bankruptcy Court for the District of Maryland and as a Judge for the United States Bankruptcy Court for the District of Columbia (Sitting by Designation).

542

(2) *Cases Filed in Improper District.* If a petition is filed in an improper district, on timely motion of a party in interest and after hearing on notice to the petitioners and other entities as directed by the court, the case may be dismissed or transferred to any other district if the court determines that transfer is in the interest of justice or for the convenience of the parties.

(b) PROCEDURE WHEN PETITIONS INVOLVING THE SAME DEBTOR OR RELATED DEBTORS ARE FILED IN DIFFERENT COURTS. If petitions commencing cases under the Code are filed in different districts by or against (1) the same debtor, (2) a partnership and one or more of its general partners, or (3) two or more general partners, or (4) a debtor and an affiliate, on motion filed in the district in which the first petition is filed and after hearing on notice to the petitioners and other entities as directed by the court, the court may determine, in the interest of justice or for the convenience of the parties, the district or districts in which the case or cases should proceed. Except as otherwise ordered by the court in the district in which the first petition is filed, the proceedings on the other petitions shall be stayed by the courts in which they have been filed until the determination is made.

**Advisory Committee note to 1987 amendment.** Both paragraphs 1 and 2 of subdivision (a) are amended to conform to the standard for transfer in 28 U.S.C. § 1412. Formerly, 28 U.S.C. § 1477 authorized a court either to transfer or retain a case which had been commenced in a district where venue was improper. However, 28 U.S.C. § 1412, which supersedes 28 U.S.C. § 1477, authorizes only the transfer of a case. The rule is amended to delete the reference to retention of a case commenced in the improper district. Dismissal of a case commenced in the improper district as authorized by 28 U.S.C. § 1406 has been added to the rule. If a timely motion to dismiss for improper venue is not filed, the right to object to venue is waived.

The last sentence of the rule has been deleted as unnecessary.

CHRONOLOGY

On December 1, 1988, the debtors filed a petition for relief under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Maryland, Rockville Division. At the time and for the 180 preceding days, the debtors resided at 1503 Lorelei Drive, Fort Washington, Prince George's County, Maryland. All objective facts show that debtors are domiciliaries and residents of Maryland. Debtors' Chapter 13 statement disclosed their occupations as a licensed practical nurse and a bus driver, respectively. No case is pending concerning debtors' affiliate, general partner, or partnership. 28 U.S.C. § 1408.

The driving force behind the December 1988 bankruptcy case filing under Chapter 13 was the threatened foreclosure of debtors' home by Waterfield Mortgage Company ("Waterfield"). The debtors' failure to make required payments on the note secured by their home was said to be caused by illness. The debtor, Samuel J. Oliver, suffered from diabetes. Because of this infirmity on November 4, 1988, he left work and was off until February 10, 1989. The court assumes that illness rendered him unable to make timely mortgage payments.

The matter originally came before the court for confirmation of debtors' Chapter 13 plan on February 28, 1989. Debtors had been unable to make any payments to the secured creditor Waterfield following the filing. Following an eloquent presentation by counsel for the debtors, the hearing on confirmation was continued until June 21, 1989. Following the filing of an amended plan on June 21, 1989, again a confirmation hearing was reset, this time on the amended plan, on July 19, 1989. Debtors failed to appear, and the court found from the record before it that the debtors were unable to propose a plan susceptible of confirmation. The court therefore found that granting additional time to file another plan or modify the amended plan would be

fruitless. 11 U.S.C. § 1307(c)(5). Debtors then moved through counsel to convert this case to a case under Chapter 7. The case was converted to one under Chapter 7 on August 10, 1989.

■ While the debtor's plan was before the court, Waterfield Mortgage Company, as servicing correspondent for Union Federal Savings Bank and Union Savings Bank, filed a motion to modify the stay of 11 U.S.C. § 362(a) on February 17, 1989 (Motion No. 89M–0263). The parties settled the matter by agreement. On March 21, 1989, the court approved the stipulation entered into among the parties modifying the automatic stay of 11 U.S.C. § 362(a). The stipulation required the debtors to make extra payments of $266 per month in order to catch up on payments missed since the filing of the case. The stipulation provided for certification and notice of default and also provided that *if the debtors converted the case to a case under Chapter 7*, the stay of § 362(a) would be terminated as to them.[1] Based on debtors' failure to make payments as agreed, the movant filed affidavits of default on May 26, 1989, and June 14, 1989, both of which were withdrawn on June 14, 1989.

After debtors' August 19, 1989 conversion of the case to one under Chapter 7, and the consequent agreed termination of the stay of § 362(a) as to debtors, movants scheduled a foreclosure sale of debtors' residence on September 12, 1989. The property was sold at foreclosure to Wilmar Associates, Ltd., after its high bid of $98,000. Immediately prior to the sale, debtors filed a petition under Chapter 13 in the United States Bankruptcy Court for the District of Columbia at 10:55 A.M. No other party in interest had notice of the filing prior to the conclusion of the foreclosure sale.

## DISCUSSION

■ On October 17, 1989, the court heard the motion to modify automatic stay. The interim trustee, Merrill Cohen, had been duly served with notice of the hearing, and movants represented that he had in fact consented to the relief sought.

Debtors did not dispute that they were $22,906.89 in arrears on their obligation to the movants. The most appalling aspect of the hearing was the statement by the debtors that they had paid some individual $1,300.00 in connection with the abusive filing in the District of Columbia. This exploitation of the debtors cannot be countenanced. John Garza, Esq., who entered his appearance on behalf of the debtors at the hearing, undertook to identify the individual who had taken the money from the debtors and prepared the pretextual District of Columbia filing on their behalf.

Also on October 17, 1989, this court heard the issue of determination of venue as required by Rule 1014(b). Rule 1014(b) governs the procedure for dealing with petitions involving the same debtor or related debtors filing in different courts. As one commentator has explained:

> If the cases have been filed in different districts, the best way to coordinate or consolidate the cases is usually to bring them within one district. In order to avoid conflicting rulings on which is the proper district, Bankruptcy Rule 1014(b) indicates that the district in which the first petition is filed should resolve the conflict. The rule requires that a motion be filed in the district in which the first petition was filed and requires a "hearing on notice to the petitioners and other entities as directed by the court." The court may then determine, "in the interest of justice or for the convenience of the parties, the district or districts in which the case or cases should proceed." The standard is the same as that applied in determining whether a change of venue is appropriate, and similar considerations should come into plan in determining which of two or more districts is preferable for bringing the cases together.

L. King, 8 *Collier on Bankruptcy*, ¶ 1014.06 (15th ed. 1989). The debtors argued in their defense that they were entitled to do everything in their power to save their home. Debtors also contend that their principal place of business is in the District of Columbia.

---

**1.** The stipulation would not be binding upon any Chapter 7 trustee.

■ It is settled that a salaried individual debtor's "principal place of business" is not that debtor's place of employment. *Barnes v. Whalen,* 689 F.2d 193, 203–205 (D.C.Cir.1982); *In re Vann,* 3 B.R. 192 (BC E.D.Pa.1980). The *Vann* court dealt in part with an additional contention of debtor's, dealing with the implication of 11 U.S.C. § 1306(a) not made here, and the *Barnes* court made a thorough analysis of the congressional intent.

For the reasons stated, under 28 U.S.C. § 1408, the proper venue is the District of Maryland for the filing by these two wage earners of a petition commencing a bankruptcy case. The debtors may proceed in Case No. 88–4–3462, pending in the District of Maryland, and not in the District of Columbia.

■ The debtors' prosecution of the bankruptcy case under Chapter 13 in the District of Columbia has been stayed until this time by the operation of Rule 1014(b). As shown by the Advisory Committee Note to the 1987 Amendment to the Rules, the choice as to a case commenced in an improper district is dismissal or transfer to a district in which the petition could have been filed.[2]

An order will be entered in accordance with the foregoing.

### ORDER MODIFYING AUTOMATIC STAY

Having heard the motion of Alvin E. Friedman, Kenneth J. MacFadyen, and Martin S. Goldberg, substitute trustees; Wilmar Associates, Ltd., third-party purchaser at the foreclosure sale; Waterfield Mortgage Company, servicing correspondent; and Union Federal Savings Bank, secured creditor, to modify the automatic stay of 11 U.S.C. § 362(a) to permit the ratification of the foreclosure sale of the property at 1503 Lorelei Drive, Fort Washington, Prince George's County, Maryland, to proceed in state court, and debtors' response thereto, it is, this 29th day of November, 1989, by the United States Bankruptcy Court for the District of Maryland,

ORDERED That the stay of 11 U.S.C. § 362(a) is hereby modified to permit ratification to proceed in state court on the foreclosure sale of the property at 1503 Lorelei Drive, Fort Washington, Prince George's County, Maryland.

### ORDER (1) TRANSFERRING CASE AND (2) CONSOLIDATING CASES

Upon its own motion under Fed.R. Bankr.P. 1014, and after hearing and notice to determine the proper district in which the debtors should proceed, it is, this 29th day of November, 1989, by the United States Bankruptcy Court for the District of Maryland,

ORDERED That Case No. 89–00791 pending before the United States Bankruptcy Court for the District of Columbia is hereby transferred to the United States Bankruptcy Court for the District of Maryland at Rockville; and it is further

ORDERED That debtors' Chapter 13 case filed in the District of Columbia is hereby consolidated with and under Case No. 88–4–3462–PM pending before the United States Bankruptcy Court for the District of Maryland.

---

**2.** Obviously the segment of *Collier on Bankruptcy* cited above concerning a change of venue applies only in the event that venue would have been proper in the district to which the case is transferred.