In re Christopher Allen BERRYHILL
and Kathryn Adele Berryhill,
Debtors.

Bankruptcy No. 95–22491–B.

United States Bankruptcy Court,
W.D. Tennessee.

May 23, 1995.

**30**

John T. Campbell, Memphis, TN, *for debtors.*

Roger A. Stone, David E. Drexler, Stone and Higgs, Memphis, TN, *for American General Finance, Inc.*

Edward L. Montedonico, *Chapter 7 Trustee, Memphis, TN.*

Jimmy Croom, Memphis, TN, *for U.S. trustee.*

## MEMORANDUM OPINION AND ORDER ON THE MOTION OF AMERICAN GENERAL FINANCE, INC. TO DISMISS OR TRANSFER CASE FOR IMPROPER VENUE

WILLIAM H. BROWN, Bankruptcy Judge.

This Chapter 7 case is before the Court on the motion of American General Finance, Inc. to dismiss or transfer the case "on grounds that the debtors reside in Horn Lake, Mississippi" and that the venue of this case in this district is improper. The debtors oppose the motion contending that because Mr. Berryhill is employed in Memphis, Tennessee, his principal business assets are, and were for 180 days preceding the filing, located in this district.

It is undisputed that the debtors reside in Mississippi. Their bankruptcy petition, including its schedules, and statement of financial affairs filed in this case indicate that they own and live in a house in Horn Lake, Mississippi, where they have resided for at least two years. Moreover, these debtors have elected to claim the exemptions offered under Mississippi law in their Chapter 7 case. Further, according to Schedule I of the petition, Mrs. Berryhill is employed in Hernando, Mississippi. However, through their attorney, Mr. and Mrs. Berryhill claim that their principal business asset is Mr. Berryhill's salary, and that because he earns and receives his salary in Memphis, the Western District of Tennessee is the location of their principal place of business and/or asset.

### DISCUSSION

■ The governing statute is found at 28 U.S.C. § 1408 entitled "Venue of cases under title 11." With an exception not applicable in this case, the statute provides in pertinent part:

... a case under title 11 may be commenced in the district court for the district—[1]

(1) in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement, or for a longer portion of such one-hundred-and-eighty-day period than the domicile, residence, or principal place of business, in the United States, or principal assets in the United States, of such person were located in any other district; ...

The majority of courts interpreting this provision have consistently held that a "salaried individual debtor's place of employment" does not equate to the "place of business" specified in this statute. *In re Petrie,* 142 B.R. 404, 405 (Bankr.D.Nev.1992); *see also, e.g., Barnes v. Whelan,* 689 F.2d 193, 204–5 (D.C.Cir.1982) (discussing Congressional use of the terms "principal place of business" and "principal assets" and concluding that such terms have established historical meanings that do not include "principal place of employment"); *Friedman v. Oliver (In re Oliver),* 111 B.R. 540, 544 (Bankr.D.Md.1989); *In re Vann,* 3 B.R. 192, 193 (Bankr.E.D.Pa. 1980) (discussing venue under the former Bankruptcy Acts); 1 NORTON BANKRUPTCY LAW AND PRACTICE 2d § 6:1 (1995). These courts have concluded additionally that anticipated future earnings from employment in a particular judicial district do not qualify as "principal assets," business or otherwise, for venue purposes. "Wages, in the absence of a contract of employment, are not assets until they are earned...." *In re Vann,* 3 B.R. at 194. Similarly, wages that have been spent

---

1. There is a standing order of reference in this district, pursuant to 28 U.S.C. § 157(a), referring all bankruptcy cases and proceedings to the bankruptcy judges for this district.

are no longer assets. Mr. Berryhill has offered no evidence that his employment in this district and future earnings are guaranteed by a "contract of employment." *Id.* Neither has he shown evidence that he has retained his prepetition earnings as an asset on deposit in Tennessee. As did the *Vann* Court, "[t]his court concludes that the expectation of future wages is not a consideration in determining where [the] debtor's principal assets are located." *Id.* Consequently, it must be concluded that venue of this case is improper in this district.

Given that this district is an improper one for this case, the Court may upon "timely motion of a party in interest and after hearing on notice" dismiss the case or transfer it to any other appropriate district. FED. R.BANKR.P. 1014(a)(2). Under this rule, the Court is not given the option of retaining the improperly venued case. The parties did not address the issue of whether this Court may retain a case notwithstanding improper venue. On this issue there exists a split of authority, but this Court agrees with the majority view and as dictum observes that "it may not retain an improperly venued bankruptcy case over the [timely] objection of a party in interest." *In re Petrie*, 142 B.R. at 407. For *contra* view, *see, e.g., In re Lazaro*, 128 B.R. 168, 21 BCD 1309 (Bankr.W.D.Tex. 1991). If no objection to venue is filed by a party in interest, improper venue may be waived by the parties. *See* FED.R.BANKR.P. 1014(a), Advisory Committee Note (1987), as reported in NORTON BANKRUPTCY RULES PAMPHLET, 1994–95 Edition, 57.

Transfer rather than dismissal is permitted if it "is in the interest of justice or for the convenience of the parties." FED. R.BANKR.P. 1014(a)(2); *see also* 28 U.S.C. § 1412. The creditor's motion was timely filed in this case, and the motion sought the alternative relief of dismissal or transfer to the Northern District of Mississippi. The Court is satisfied that dismissal of the case is not required and that a transfer of this case "is in the interest of justice or for the convenience of the parties" as required by FED. R.BANKR.P. 1014(a)(2).

Thus, from these findings and conclusions, it is **HEREBY ORDERED** that the Motion of America General Finance, Inc. to transfer this case is granted. The Clerk of this Court shall promptly transfer this case to the Northern District of Mississippi and shall notice all creditors and interested parties of the transfer.

**SO ORDERED.**